IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-HC-2132-D

| | | |
|---|---|---|
| BRANDON LEE BOGGS, Petitioner, | ) | |
| v. | ) | **ORDER** |
| WILLIE ROWE, Respondent. | ) | |

On July 27, 2026, Brandon Lee Boggs ("Boggs" or "petitioner"), a pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On September 9, 2026, Boggs filed an amended petition [D.E. 9]. The court grants Boggs's applications to proceed in forma pauperis [D.E. 4, 10]. Boggs moves for discovery [D.E. 5], an evidentiary hearing [D.E. 6], a continuance or temporary stay of the petition until he has enough paper to draft a memorandum [D.E. 7], and an expedited ruling on the petition and an investigation concerning the officers that arrested him [D.E. 11]. As explained below, the court conducts its preliminary review of the petition under 28 U.S.C. § 2243 and dismisses the petition.

Boggs challenges his pending criminal charges in Wake County Superior Court. See [D.E. 9] 1–4. Boggs alleges he was unlawfully arrested and his due process rights are being violated. See id. at 6–7. Boggs seeks release from custody. See id. at 7.

"[H]abeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489 (1973) (quotation omitted); see Younger v. Harris, 401 U.S. 37, 43 (1971). In Braden, the Supreme Court allowed a pretrial detainee's habeas petition

to proceed because the petitioner "was not attempting to litigate the merits of an affirmative defense to his state prosecution. Rather, [the petitioner's] habeas petition simply asked the federal courts to enforce the state's obligation to provide him with a state court forum." Brown v. Ahern, 676 F.3d 899, 902 (9th Cir. 2012) (cleaned up); see Braden, 410 U.S. at 492–93.

Boggs does not plausibly allege any deficiency in the state judicial process that qualifies as a "special circumstance." Braden, 410 U.S. at 489; see Boggs v. North Carolina, No. 5:26-HC-2012, [D.E. 7] 2 (E.D.N.C. Aug. 31, 2026) (unpublished); Bae v. Petersburg High Ct., No. 3:26-CV-208, 2026 WL 2431333, at *1–2 (E.D. Va. Aug. 19, 2026) (unpublished); Martinez Salas v. Bodiford, No. 6:26-CV-965, 2026 WL 2390604, at *2 (D.S.C. Aug. 17, 2026) (unpublished); Davis v. North Carolina, No. 5:26-HC-2078, 2026 WL 1384255, at *1–2 (E.D.N.C. May 18, 2026) (unpublished); Santos v. Holloway, No. 5:24-3328, 2024 WL 4393196, at *2 (D.S.C. Aug. 22, 2024) (unpublished), report and recommendation adopted, 2024 WL 4381485 (D.S.C. Oct. 3, 2024) (unpublished). Thus, the court dismisses without prejudice the petition.

In sum, the court GRANTS petitioner's motions to proceed in forma pauperis [D.E. 4, 10], DISMISSES WITHOUT PREJUDICE the amended petition [D.E. 9], DENIES petitioner's remaining motions [D.E. 5, 6, 7, 11], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 25 day of November, 2026.

JAMES C. DEVER III
United States District Judge